# William Hewitt, Petitioner, v. Commissioner of Internal Revenue, Respondent.

Docket No. 36255.   Promulgated April 29, 1930.

*Phil D. Morelock, Esq.*, for the petitioner.
*A. H. Murray, Esq.*, for the respondent.

774

OPINION.

Lansdon: The petitioner contends (1) that he realized no profit from the transaction set forth in the stipulation; (2) that if any profit was realized, it was not in excess of $24,302.17; and (3) that if he received taxable income as a result of the corporate reorganization in question the amount of $21,557.44 was in effect a dividend and is subject to surtax only.

The stipulated facts clearly show that the acquisition of the capital stock and assets of the Kansas City Bolt & Nut Co., hereinafter sometimes called the Company, by the Sheffield Steel Corporation, hereinafter sometimes called the Corporation, constituted a reorganization within the meaning of section 203 (h) (1) of the Revenue Act of 1926. All of the stock and all of the assets of the Company were acquired by the Corporation in exchange for cash and shares of its common and preferred stock. It is equally obvious that the reorganization does not come within the provisions of section 203 (b) (2) of the Act of 1926, which is as follows:

No gain or loss shall be recognized if stock or securities in a corporation a party to a reorganization are, in pursuance of the plan of reorganization, exchanged solely for stock or securities in such corporation or in another corporation a party to the reorganization.

The transaction, therefore, was not one from which gain or loss may not arise and be recognized for Federal tax purposes.

The situation disclosed by the stipulation is governed by section 203 (d) (1) of the Act of 1926, which is as follows:

If an exchange would be within the provisions of paragraph (1), (2), or (4) of subdivision (b) if it were not for the fact that the property received in exchange consists not only of property permitted by such paragraph to be received without the recognition of gain, but also of other property or money, then the gain, if any, to the recipient shall be recognized, but in an amount not in excess of the sum of such money and the fair market value of such other property.

In the instant case the stipulation indicates a taxable gain and includes all the data necessary to the computation thereof. The 591 shares of the Company which the petitioner exchanged for cash and shares of the Corporation were all acquired subsequent to March 1, 1913, at a total cost of $34,618.71. In exchange for such shares, petitioner received cash in the amount of $29,550, 236 shares of the preferred stock and 591 shares of the common stock of the Corporation. It is agreed that the fair market value of the preferred stock was $90 and of the common stock, $20 per share. The total consideration which the petitioner received for his 591 shares of the common stock of the Company was $62,610, which exceeded the cost thereof in the

amount of $27,991.29, which was the taxable gain realized from the exchange.

The stipulation discloses that at the date of the reorganization the Company had earned surplus in the amount of $730,010.75. Petitioner contends that even if the exchange was one in which gain may be recognized, the greater part of the cash which he received should be regarded as a dividend representing his proportionate share of the surplus of the Company, and that such a dividend is subject to surtax only. In support of this claim he relies on section 203 (d) (2) of the Act of 1926, which is as follows:

If a distribution made in pursuance of a plan of reorganization is within the provisions of paragraph (1) but has the effect of the distribution of a taxable dividend, then there shall be taxed as a dividend to each distributee such an amount of the gain recognized under paragraph (1) as is not in excess of his ratable share of the undistributed earnings and profits of the corporation accumulated after February 28, 1913. The remainder, if any, of the gain recognized under paragraph (1) shall be taxed as a gain from the exchange of property.

If the alleged distribution was "made in pursuance of a plan of reorganization." it would seem that this contention is sound. An examination o* the stipulation and of Exhibit "A" attached thereto, however, discloses the fact that as between this petitioner, as well as several other stockholders of the Company, the transaction in question was not "in pursuance of a plan of reorganization." Under the plan outlined in the circular letter to shareholders of the Company, each stockholder was asked to turn in his stock and receive for each share $40 in cash, one-half a share of the preferred stock and one share of the common stock of the Corporation. The petitioner did not accept this offer, but dealt individually and to his advantage with the Corporation, and, for each of the 591 shares of the Company which he turned in, received $50 in cash, two-fifths of a share of the preferred stock and one share of the common stock of the Corporation. It is obvious, therefore, that the transaction between the petitioner and the Corporation was not in pursuance of a plan of reorganization, but was an individual deal in which one party sold and the other purchased shares of stock at a price that was mutually acceptable, but materially different from the terms set out in the reorganization plan. We are of the opinion, therefore, that the entire amount of $27,991.29 was realized gain and is taxable as such.

Reviewed by the Board.

*Decision will be entered for the responden*